UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

IN ADMIRALTY

Case No.:

BRAND X HIGH PERFORMANCE MARINE, INC.,

    Plaintiff,

v.

The unnamed 2000 Hustler model 388 Slingshot built vessel bearing Hull Identification Number GLE385331900, her engines, tackle, apparel, furnishing and appurtenances *in rem*; and BILL AZMANN, *in personam*,

    Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, BRAND X HIGH PERFORMANCE MARINE, INC., sues *in rem* Defendant, The unnamed 2000 Hustler model 388 Slingshot built vessel bearing Hull Identification Number GLE385331900, her engines, tackle, apparel, furnishing and appurtenances *in rem*, and *in personam* Defendant, BILL AZMANN, and alleges:

## PARTIES, JURISDICATION AND VENUE

1.    Plaintiff, BRAND X HIGH PERFORMANCE MARINE, INC. ("Brand X"), is a Florida corporation with its principal place of business located in Broward County, Florida.

2.    Defendant, the unnamed vessel is a 2000 Hustler model 388 Slingshot built vessel bearing Hull Identification Number GLE385331900, her engines, tackle, apparel, furnishing and appurtenances *in rem* (the "Hustler" or "vessel"), is currently located at Innovation Marine, 8011 15th Street East, Sarasota, FL 34243, in Sarasota County, Florida.

3. Defendant, BILL AZMANN ("Azmann") is the owner of the Hustler, and upon information and belief resides in Lee County, Florida.

4. This is an action brought pursuant to the Federal Maritime Lien Act, 46 U.S.C. §31301, et seq. and 46 U.S.C. §31342, to foreclose a maritime lien encumbering the Hustler for unpaid *necessaries* that Brand X provided to the Hustler.

5. The Court has subject matter jurisdiction pursuant to Title 28 U.S.C. §1331 (federal question jurisdiction) and Title 28 U.S.C. §1333 (admiralty and maritime jurisdiction).

6. To the extent claims asserted against Azmann do not fall within federal questions or admiralty jurisdiction, Brand X invokes this Court's Supplemental jurisdiction under Title 28 U.S.C. § 1367.

7. Venue is proper because the Hustler and Azmann are located and/or reside within the Middle District of Florida.

## GENERAL ALLEGATIONS

8. In or around January 15, 2018, Brand X agreed to perform certain repair services and provide *necessaries* to the Hustler in exchange for payment.

9. Brand X provided repair services and *necessaries* to the Hustler, as reflected in Invoice Nos. 2976, 3056, 3080, 3152, 3125 (the "Invoices"). Copies of the Invoices are attached as **Composite Exhibit A**.

10. Azmann, owner of the Hustler, authorized Brand X to provide the repair services and *necessaries* to the Hustler.

11. Brand X sea-trailed the Hustler four times prior to notifying Azmann that the vessel was ready for pick up, and was in excellent working condition.

12. Azmann did not pay Brand X the amounts due for repair services and *necessaries* provided to the Hustler.

13. Brand X demanded payment for the repair services and *necessaries* provided to the Hustler, but Azmann failed and refused to pay the amounts owed.

14. All conditions precedent to the commencement of this action, if any, have occurred or been waived.

## COUNT I
## FORECLOSURE OF *NECESSARIES* LIEN
**(Hustler *in rem*)**

15. Brand X re-alleges and incorporates by reference paragraphs 1-14 as if set forth fully herein.

16. Brand X provided *necessaires* to the Hustler in the form of repair services and storage, as more fully described in the Invoices.  *See* Composite Ex. A.

17. Brand X provided the *necessaries* to the Hustler at a reasonable price.

18. Brand X provided the *necessaries* to the Hustler at the direction of the vessel's owner, Azmann.

19. Brand X is owed $42,294.25 for the *necessaries* it provided to the Hustler, exclusive of prejudgment interest.

20. The Hustler and its owner, Azmann, have failed to pay for the *necessaries*.

21. Brand X is entitled to recover from the Hustler the sum of $42,294.25, plus pre-judgment interest, *custodia legis* expenses for the Hustler while it is under arrest, the costs of this proceeding, including, but not limited to, the U.S. Marshal fees and court filings fees, and any other related costs and attorneys' fees.

22.

WHEREFORE, Brand X demands the following relief:

a. that process be issued against the Hustler, her engines, tackle, apparel, furnishing and appurtenances;

b. that all persons having or claiming an interest in the Hustler be cited to appear and answer the foresaid matter;

c. that Brand X be decreed to have a lien upon the Hustler, her engines, furnishing and appurtenances;

d. that judgment be entered against the Hustler, her engines, tackle, apparel and furnishings; for the sum of $42,294.25, plus prejudgment interest, *custodia legis* expenses for the Hustler while it is under arrest, the costs of this proceeding, including, but not limited to, the U.S. Marshal fees and court filing fees:

e. that Brand X be permitted to credit bid the amount of its Judgment or lien against the Hustler; and

f. for the Court to grant Brand X such other and further relief it deems just and proper.

## COUNT II
## BREACH OF CONTRACT
**(Azmann *in personam*)**

23. Brand X realleges and incorporates by reference paragraphs 1-14 as if set forth fully herein.

24. Brand X and Azmann entered into an agreement, wherein Brand X agreed to provide repair services and *necessaries* to the Hustler in exchange for payment.

25. Brand X provided repair services and *necessaries*, as more fully described in the Invoices.  *See* Composite Ex. A.

26. Azmann failed to pay for those services, in breach of the contract.

27. Brand X suffered damages in the amount of $42,294.25, exclusive of prejudgment interest.

28. The Invoices state that Azmann will be responsible for all legal fees for having to collect on any amounts past due and owing.

WHEREFORE, Brand X demands judgment against Azmann for the sum of $42,294.25, plus pre-judgment interest, *custodia legis* expenses for the Hustler while it is under arrest, the costs of this proceeding, including, but not limited to, the U.S. Marshal fees, court costs, and attorneys' fees.

### ALTERNATIVE COUNT III
### UNJUST ENRICHMENT
### (Azmann *in personam*)

29. Brand X realleges and incorporates by reference paragraphs 1-14 as if set forth fully herein.

30. Brand X conferred a benefit on Azmann in the form of repair services and *necessaries* to the Hustler, as more fully described in the Invoices. *See* Composite Ex. A.

31. Azmann voluntarily accepted and retains the benefit conferred.

32. The circumstances are such that it would be inequitable for Azmann to retain the benefit without paying the value thereof to Brand X.

WHEREFORE, Brand X demands judgment against Azmann for the sum of $42,294.25, plus prejudgment interest, *custodia legis* expenses for the Hustler while it is under arrest, the costs of this proceeding, including, but not limited to, the U.S. Marshal fees, court costs and attorney's fees.

## **DEMAND FOR JURY TRIAL**

Brand X demands all counts be triable by jury.

Dated: December 3, 2018.

                                      Respectfully submitted,

                                      CONRAD & SCHERER, LLP
633 South Federal Highway
Fort Lauderdale, Florida 33301
Telephone:  (954) 462-5500
Facsimile:  (954) 463-9244

By: */s/Russell R. O'Brien*
     RUSSELL R. O'BRIEN
     Florida Bar No. 84542
     robrien@conradscherer.com

     **E-SERVICE:**
     rropleadings@conradscherer.com
     eservice@conradscherer.com

## VERIFICATION

JASON VENTURA hereby states under penalty of perjury:

- I am the President of Plaintiff, Brand X High Performance Marine, Inc.

- I have read the foregoing Complaint, and the factual allegations contained therein are true and correct to the best of my knowledge and belief.

Pursuant to Title 28 § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 3rd day of December, 2018.

_____
Jason Ventura, President of
Brand X High Performance Marine, Inc.